NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2692
_____

UNITED STATES OF AMERICA

v.

TIMOTHY M. RISSMILLER,
a/k/a TIMMY

Timothy M. Rissmiller,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 05-cr-00202-1)
District Judge: Honorable Yvette Kane
_____

Submitted Under Third Circuit LAR 34.1(a)
January 12, 2015

Before: McKEE, *Chief Judge*, HARDIMAN and SCIRICA, *Circuit Judges*.

(Filed: January 29, 2015)

_____

OPINION*

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Timothy Rissmiller appeals the District Court's judgment of conviction and sentence. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Rissmiller's counsel has filed a motion to withdraw. We will grant counsel's motion and affirm the District Court's judgment.

I

Rissmiller pleaded guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). He was sentenced to 70 months' imprisonment and three years of supervised release. After being released from prison, Rissmiller violated the terms of his supervised release. At the revocation hearing, he was sentenced to nine months' imprisonment and two years of supervised release. That second period of supervised release was revoked in 2013, and the District Court imposed a sentence of 12 months' imprisonment and one year of supervised release.

Due to procedural defects, our Court vacated the 2013 judgment of sentence and remanded for resentencing. On March 26, 2014, the mandate from our Court's decision issued. On April 18, 2014, an arrest warrant was issued for Rissmiller because he allegedly violated conditions of his supervised release. The United States Sentencing Guidelines range for Rissmiller's violation was three to nine months, and the maximum prison sentence was 24 months. On April 23, 2014, the District Court sentenced Rissmiller to 18 months' imprisonment and 15 months of supervised release.

Rissmiller filed this timely appeal, and his counsel moved to withdraw.[1]

II

When counsel moves to withdraw, we ask whether counsel's brief adequately fulfills the *Anders* requirements and whether an independent review of the record presents any nonfrivolous issues. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). "The duties of counsel when preparing an *Anders* brief are (1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous." *Id.* Counsel identified four potential grounds for appeal but argued that they all lack merit. Rissmiller has not responded.

The first issue counsel identifies is a challenge to the District Court's jurisdiction to impose a sentence for Rissmiller's violation of his supervised release conditions. Though counsel's brief states that Rissmiller did not raise any objection to the District Court's jurisdiction to revoke supervised release, Rissmiller did in fact lodge such an objection at the April 23, 2014, revocation and resentencing hearing. He objected to the Court's jurisdiction on the ground that the violations of his conditions of supervised release purportedly occurred after the mandate vacating his sentence was issued on March 26, 2014. Rissmiller later conceded that he violated one condition—barring unapproved contact with minors—multiple times before the mandate was issued, thus conceding that

---

[1] The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3583(e). We have jurisdiction under 28 U.S.C. § 1291.

the District Court had jurisdiction to revoke his supervised release for that violation. Furthermore, the District Court only relied on Rissmiller's contact-with-minors violation as the basis for revoking his supervised release and for his resentencing. Accordingly, Rissmiller has no basis to challenge the District Court's jurisdiction.

The next two issues counsel identifies relate to the procedural requirements for a revocation hearing and the validity of Rissmiller's guilty plea. Like counsel, we conclude that there is no nonfrivolous argument on either basis.

The last issue identified by counsel relates to the reasonableness of Rissmiller's sentence. As noted earlier, Rissmiller's Guidelines range was three to nine months' imprisonment, the maximum prison sentence was 24 months, and he was sentenced to 18 months. We review a sentence imposed upon revocation of supervised release for reasonableness pursuant to 18 U.S.C. § 3553(a). *United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007). We will affirm a sentence imposed "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). Here, Rissmiller asked for a downward variance of no imprisonment, while the Government asked for the 24-month maximum. In imposing a sentence above the Guidelines range, the Court emphasized Rissmiller's repeated violations of the conditions of his supervised release. The Court meaningfully weighed the § 3553(a) factors, noting that a sentence above the Guidelines range was needed to provide just punishment, deter

4

his pattern of violations, promote respect for the law, protect the public, and provide adequate treatment and rehabilitation. Any argument challenging his sentence would be frivolous because the District Court conducted a sufficient § 3553(a) analysis and imposed a reasonable sentence.

III

We conclude that counsel's brief meets the requirements of *Anders*. And our independent review of the record confirms counsel's view that there are no nonfrivolous issues for appeal. Accordingly, we will grant counsel's motion to withdraw and affirm the District Court's judgment. Because the issues presented on appeal lack legal merit, counsel is not required to file a petition for writ of certiorari with the United States Supreme Court under Third Circuit Local Appellate Rule 109.2(c).